IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD G. BAILEY-EL,

    Plaintiff,

v.                                           Civil Action No. RDB-15-2063

THE HOUSING AUTHORITY OF
BALTIMORE CITY, *et al.*,

    Defendants.

## **MEMORANDUM ORDER**

Pending before this Court is Plaintiff's Motion for Jury Trial (ECF No. 39); Plaintiff's Motion to Appoint Counsel (ECF No. 40); and Defendant Housing Authority of Baltimore City's ("HABC") Motion to Dismiss based on Plaintiff's failure to answer interrogatories and respond to requests for production (ECF No. 45). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's Motion for Jury Trial (ECF No. 39) is DENIED; Plaintiff's Motion to Appoint Counsel (ECF No. 40) is DENIED; and HABC's Motion to Dismiss (ECF No. 45) is DENIED. Plaintiff shall have until February 1, 2019 to comply with Defendant's discovery requests. Upon the expiration of this deadline, HABC is granted leave to renew and supplement its Motion to Dismiss (ECF No. 45) until February 15, 2019.

Plaintiff's jury trial demand is untimely. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff was required to make a jury demand within fourteen days of the last pleading directed to the issue. Failure to comply with the rule constitutes a waiver to trial by jury. Fed. R. Civ. P. 38(d). Amendments or supplemental pleadings do not extend the time for making

1

a jury trial demand except as to new issues raised in the amendment. *Britt v. Knight Pub. Co.*, 42 F.R.D. 593, 594 (D.S.C. 1967); 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2320 (3d ed.). An Amended Complaint which merely presents a "new theory of recovery" or contains "artful rephrasings" does not revive the deadline. *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980).

Plaintiff commenced this action on July 14, 2015. On March 30, 2018, nearly one year after the United States Court of Appeals for the Fourth Circuit remanded this case, Bailey-El filed an Amended Complaint. (ECF No. 38). On April 2, 2018, he requested a jury trial for the first time. (ECF No. 39.) The Amended Complaint does not raise new issues. Instead, it merely provides additional information concerning an asserted due process claim arising from Defendant's alleged denial of his request for arbitration. Accordingly, Plaintiff's Motion for Jury Trial (ECF No. 39) is DENIED as untimely.

Plaintiff additionally seeks the appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to appoint counsel in a civil case. Appointment of counsel is only appropriate when the litigant presents "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). To make this determination, this Court must consider the "characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). No exceptional circumstances warrant the appointment of counsel in this case. Plaintiff has ably litigated his claim, citing statutory authority and case precedent. Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 40) is DENIED.

Finally, Plaintiff asserts that dismissal is not warranted while his Motion to Appoint Counsel (ECF No. 40) remains pending. However, no stay has been entered excusing

Plaintiff's failure to engage in discovery. Accordingly, this Court has the authority to dismiss Plaintiff's claims. *See, e.g., Landers v. Bell Atlantic Network Services, Inc.*, 911 F. Supp. 174 (D. Md. 1995) (dismissing case because of plaintiff's failure to cooperate with discovery).

To afford the *pro se* Plaintiff an additional opportunity to litigate his claims, however, this Court shall DENY HBAC's Motion to Dismiss. Plaintiff shall have until February 1, 2019 to respond to HABC's interrogatories and requests for production. Upon the expiration of this deadline, Defendant is granted leave to renew and supplement its Motion to Dismiss (ECF No. 45) until February 15, 2019. Plaintiff is advised that the failure to respond to discovery requests may warrant dismissal of his claims.

Accordingly, it is HEREBY ORDERED this 18th day of January, 2019 that:

1) Plaintiff's Motion for Jury Trial (ECF No. 39) is DENIED;

2) Plaintiff's Motion to Appoint Counsel (ECF No. 40) is DENIED; and

3) HBAC's Motion to Dismiss (ECF No. 45) is DENIED.

4) The Clerk of Court shall transmit a copy of this Order to all counsel of record.

_/s/ R.D.B._
Richard D. Bennett
United States District Judge