IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD G. BAILEY-EL,

  Plaintiff,

  v.

THE HOUSING AUTHORITY OF
BALTIMORE CITY, *et al.*,

  Defendants.

Civil Action No. RDB-15-2063

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Ronald G. Bailey-El ("Plaintiff" or "Bailey-El"), *pro se, in forma pauperis*, is a serial litigant in this Court.[1] In this action—one of many which he has filed in this court—he has sued Defendants Housing Authority of Baltimore City ("HABC" or the "Housing Authority"); Ms. Green,[2] Regional Director of the HABC; Kimberly Graham, former HABC Director of Human Resources; Carla Walton, current HABC Director of Human Resources; Odyssey Johnson, HABC Manager; AFSCME Local 647; and Anthony Coates, President of AFSCME Local 647 ("Local 647"),[3] alleging retaliation and violations of his First Amendment rights (Count One); violations of his "fifth amendment due process rights" (Count Two); and

---

[1] Bailey-El's litigation history is quite voluminous and spans several decades. *See, e.g., Bailey-El v. City of Baltimore, et al.* (1:02-cv-02113-WMN); *Bailey-El v. United States* (1:01-cv-01836-CCB); *Bailey-El v. Prison Healthcare* (1:00-cv-00319-WMN); *Bailey-El, et al. v. Corcoran, et al.* (1:00-cv-00699-FNS); *Bailey-El v. Corcoran, et al.* (1:00-cv-00803-DKC); *Bailey-El v. Talbot Co. Dep't, et al* (1:00-cv-01645-WMN); *Bailey-El v. Prison Healthcare* (1:98-cv-01510-WMN); *Bailey-El v. PHP Inc.* (1:97-cv-02535-WMN); *Bailey-El v. Baltimore City* (1:97-cv-3414-WMN); *Bailey-El v. State of Maryland, et al.* (1:95-cv-00567-WMN).
[2] Ms. Green's full name is not identified in the Complaint.
[3] As previously indicated, only HABC has been served in this action. *See Bailey-El v. Housing Auth. of Baltimore City*, 185 F. Supp. 3d 661, 673-74 (D. Md. 2016).

1

violations of additional constitutional rights, including "procedural and substantive due process rights" (Count Three). (First Am. Compl. at 1, ECF No. 16.)

In a prior Memorandum Opinion and Order, this Court construed all of Plaintiff's claims as arising under 42 U.S.C. § 1983 and dismissed them as untimely and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Bailey-El v. Housing Auth. of Baltimore City*, 185 F. Supp. 3d 661 (May 9, 2016). The United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part, and remanded. *Bailey-El v. Housing Auth. of Baltimore City*, 686 F. App'x 228 (4th Cir. 2017). In its Opinion, the Fourth Circuit affirmed this Court's dismissal of Bailey-El's First Amendment claim, but found that he could pursue his procedural due process claim on a narrow theory of recovery. *Id.*

On remand, this Court afforded Bailey-El a third opportunity to amend his Complaint and further develop his procedural due process claim. Subsequently, HABC moved to dismiss the case as a sanction for Bailey-El's complete failure to engage in discovery. (ECF No. 45.) Noting Bailey-El's *pro se* status, this Court denied the Motion and afforded him an additional opportunity to engage in orderly discovery proceedings. (ECF No. 49.) He has failed to do so.

Now pending before this Court are three motions: Bailey-El's Motion for Appointment of Counsel (ECF No. 50), which is the third of its kind (*See* ECF Nos. 6, 40); HABC's Motion Requesting an Extension of Time to File a Motion Related to Plaintiff's Discovery Failures (ECF No. 53, the "Motion for Extension of Time"); and HABC's Renewed Motion to Dismiss as Sanctions for Plaintiff's Failure to Provide Complete Answers to Interrogatories and Respond to Requests for Production and Certification of Good Faith Efforts (ECF No. 55,

2

the "Renewed Motion to Dismiss"). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Bailey-El's Motion for Appointment of Counsel (ECF No. 50) is once again DENIED; HABC's Motion for Extension of Time (ECF No. 53) is GRANTED; and HABC's Renewed Motion to Dismiss (ECF No. 55) is GRANTED. Bailey-El's Second Amended Complaint (ECF No. 38), which is the operative complaint, is DISMISSED WITH PREJUDICE.

## BACKGROUND

The facts of this case have been discussed previously in an opinion of this Court and in an opinion of the United States Court of Appeals for the Fourth Circuit. *See Bailey-El v. Housing Auth. of Baltimore City*, 185 F. Supp. 3d 661 (D. Md. 2016), *aff'd in part, vacated in part, and remanded*, 686 F. App'x 228 (per curiam). Because Plaintiff is proceeding *pro se*, this Court affords his pleadings a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In his Original and First Amended Complaint, Bailey-El generally alleged that the Housing Authority unfairly terminated his employment as a maintenance worker in violation of the First Amendment and Due Process Clause of the Fourteenth Amendment. *Bailey-El*, 185 F. Supp. 3d at 668-69. He particularly complained of the Housing Authority's failure to conduct an arbitration hearing before terminating his employment in 2012. *Id.* at 668. On May 9, 2016, this Court dismissed Bailey-El's claims, holding that they were untimely under the applicable statute of limitations and that he had failed to state a claim for First and Fourteenth Amendments violations. *Id.* at 670-78.

On April 27, 2017, the United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part, and remanded. (Judgment of United States Court of Appeals for the

Fourth Circuit, ECF No. 31.) Specifically, the Fourth Circuit affirmed this Court's dismissal of Bailey-El's First Amendment claims but vacated this Court's dismissal of his procedural due process claim. (*Id.* at 4.) Although acknowledging that Bailey-El did not have a right to an arbitration hearing, *see Jackson v. Long*, 102 F.3d 722, 729 (4th Cir. 1996), the Fourth Circuit noted that Bailey-El's collective bargaining agreement may have provided him with a possessory interest in continued employment requiring post-termination process. (*Id.* at 5.) The Fourth Circuit instructed this Court to provide Bailey-El with an additional opportunity to amend his complaint to "clarify whether he had a property interest in continued employment under the collective bargaining agreement and, if so, to specify the process that he was given related to his termination." (*Id.*) On remand, this Court granted Bailey-El twenty-eight days to file an amendment to the Complaint. (ECF No. 33.) The deadline to file an amendment was subsequently extended. (ECF No. 36.) Despite the courtesies extended to Bailey-El by the Fourth Circuit and this Court, he has continued to fail to clarify his Complaint.

Eleven months after the remand to this Court, on March 30, 2018, Bailey-El filed a handwritten Second[4] Amended Complaint, which purports to comply with the Fourth Circuit's instructions to clarify the nature of his property interest in continued employment under the collective bargaining agreement. (ECF No. 38.) Bailey-El appears to assert that his procedural due process rights were violated when Defendants "deliberately and intentionally denied the Plaintiff his arbitration hearing by claiming that they could not find [him]." (*Id.* at 8.) He alleges that he had a property interest in an arbitration hearing pursuant to Article 7,

---

[4] Although styled as a "First" Amended Complaint, the pleading in fact marked the second time Bailey-El had amended the Complaint. (*See* ECF Nos. 1, 16, 38.)

4

Section 3 and Article 26 of a Master Agreement between HABC and Local 647. (*Id.* at 6-7, 9.) Bailey-El does not explain why these provisions operate in his favor. Instead, he beseeches this Court to order the Defendant to "read all of Article 7 and the Master Agreement." (*Id.*) The Complaint also accuses the Defendants of orchestrating a "grand and hideous scheme to terminate as many employees" as possible. (*Id.* at 11.)

Soon after filing his amendment, Bailey-El moved for a jury trial (ECF No. 39) and, for a second time, moved for the appointment of civil counsel (ECF No. 40). Defendant the Housing Authority opposed the Motions and moved to dismiss the Complaint as a sanction for Bailey-El's failure to engage in discovery. (ECF Nos. 42, 43, 45.) On January 18, 2019, this Court issued a Memorandum Order (ECF No. 49) which denied all three pending Motions and required Bailey-El to comply with HABC's discovery requests by February 1, 2019 or face dismissal of his Complaint. HABC was granted leave to renew and supplement its Motion to Dismiss in the event that Bailey-El failed to fully engage in discovery.

Three motions are now pending. On January 29, 2019 Bailey-El once again filed a Motion for Appointment of Counsel—his third motion of this kind.[5] (ECF Nos. 6, 40, 50.) On February 7, 2019 HABC moved for Extension of Time to File a Motion Related to Plaintiff's Discovery Failures, citing "serious concerns" about the completeness of answers to its interrogatories and responses to requests for production. (ECF No. 53.) Subsequently, on February 28, 2019, HABC renewed its earlier Motion to Dismiss as Sanctions. (ECF No. 55.)

## STANDARD OF REVIEW

---

[5] Bailey-El was not appointed counsel in the ten cases cited *supra*, note 1.

HABC seeks dismissal as a sanction for Bailey-El's failure to cooperate in discovery matters pursuant to Federal Rule of Civil Procedure 37(a) and (d). Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), this Court may dismiss an "action or proceeding in whole or in part" as a sanction for failing to obey an order to provide discovery. Similarly, Rule 37(d) permits this Court to order dismissal if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). In general, this Court is afforded broad discretion to impose sanctions under Rule 37. *See Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders.") Where dismissal is sought, the district court's "range of discretion is more narrow" as its "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury . . . ." James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 38-V (2019) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)).

## ANALYSIS

### I. Bailey-El Has Failed to Demonstrate "Exceptional Circumstances" Warranting the Appointment of Counsel.

For the third time in this case, Bailey-El moves for the appointment of counsel. (ECF No. 50.) This time, he argues that he cannot "conduct discovery, take depositions, construct interrogatories, requests for production of documents, or summon experts" without legal assistance. (*Id.* at 2-3.) As this Court has repeatedly explained, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be

6

considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Bailey-El has once again failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. Surely Bailey-El's numerous lawsuits have rendered him unusually adept in these matters. His filings demonstrate that he has the capability to advance his claims and present arguments in his defense. Moreover, the allegations in this case do not involve complicated issues requiring the skills of a trained practitioner. Bailey-El makes no effort to explain why the obstacles he faces in discovery are more daunting than those faced by any litigant proceeding *pro se* in federal court. Despite his frequent *pro se* appearances, this Court has only once[6] appointed Bailey-El counsel in a civil case. Once again, this Court will not do so. Accordingly, Bailey-El's Motion for Appointment of Counsel (ECF No. 50) is DENIED.

## II. Bailey-El's Second Amended Complaint is Dismissed as a Sanction for Failing to Cooperate in Discovery.

Defendant HABC complains that Bailey-El has failed to adequately respond to its discovery requests. HABC noted concerns of this sort as early as June 2018, when it moved

---

[6] This Court appointed Bailey-El counsel in *Mills, et al. v. Corcoran, et al.* (8:00-cv-00746-DKC), a consolidated case involving complex civil rights claims initiated by several prisoners, including Bailey-El. Even in that case, however, this Court denied three additional Motions for Appointment of Counsel filed by Bailey-El. (*See* ECF Nos. 30, 37, 120; DKC-00-0746.)

to dismiss this action as a sanction for Bailey-El's discovery failures. (ECF No. 45.) Noting Bailey-El's *pro se* status, this Court saw fit to grant him additional time to comply with discovery. Accordingly, this Court denied HABC's Motion, ordered Baily-El to comply with HABC's discovery requests by February 1, 2019, and directed HABC to renew its Motion to dismiss by February 15, 2019 should Bailey-El fail to rectify his discovery failures. (ECF No. 49.) Bailey-El provided meager discovery responses in early February. Subsequently, HABC sought additional time to renew and supplement its prior Motion to Dismiss as Sanctions. (ECF No. 53.) Shortly thereafter, on February 28, 2019, HABC renewed its motion and once again moved for sanctions. (ECF No. 55.) As HABC filed its Motion for Extension of Time (ECF No. 53) to acquire additional time to review Bailey-El's discovery responses, the Motion is GRANTED. For the reasons that follow, HABC's Motion to Dismiss as Sanctions (ECF No. 55) is GRANTED.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), this Court may dismiss an "action or proceeding in whole or in part" as a sanction for failing to obey an order to provide discovery. Similarly, Rule 37(d) permits this Court to order dismissal if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). This power must be used sparingly. "Dismissal with prejudice is ordinarily reserved for the most egregious cases." *Lance v. Megabus Northeast, LLC*, PWG-16-3459, 2017 WL 3480800, at *2 (D. Md. Aug. 14, 2017) (quoting *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998)). Before ordering dismissal, this Court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary,

8

(3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Woodbury v. Victory Van Lines*, TDC-16-2532, 2019 WL 2135649, at *4 (D. Md. May 16, 2019) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). All factors militate in favor of dismissal.

### A. Bailey-El Has Acted in Bad Faith.

Bailey-El's conduct certainly amounts to bad faith. "Bad faith can be established by 'noncompliance or haphazard compliance . . . with discovery orders.'" *Woodbury*, 2019 WL 2135649, at *4 (quoting *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D. Md.), *aff'd*, 706 F. App'x 811 (4th Cir. 2017); *see also Mackin v. Charles Schwab & Co., Inc.*, DKC-16-3923, 2019 WL 127364, at *2 (D. Md. Jan. 8, 2019) (finding that *pro se* litigant's production of only a "meager amount of additional information" in response to court orders amounted to bad faith).

In this case, Bailey-El was provided several opportunities to provide full discovery responses but failed to take advantage of the leniency afforded by this Court. HABC initially served its Interrogatories and Request for Production of Documents over one year ago, on April 9, 2018. (Def. Ex. 1,[7] ECF No. 55-1.) Pursuant to Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, Bailey-El's responses were due on May 14, 2018. When the responses did not arrive, counsel for Defendant wrote Bailey-El and asked him to produce his response by June 15, 2018. (Def. Ex. 2, ECF No. 55-2.) When counsel's letter was met with silence, Defendant moved to dismiss the case with prejudice. (ECF No. 45.) Bailey-El

---

[7] For ease of reference, this Court refers to the exhibits attached to Defendant's Motion to Dismiss as Sanction (ECF No. 55) in the above fashion.

9

responded to Defendant's Motion in July 2018, complaining that without counsel he was unable to engage in discovery and that he had no obligation to do so in part because his Motion for Appointment of Counsel was pending. (ECF No. 47.) Despite Bailey-El's complete refusal to engage in discovery in violation of the Federal Rules, this Court denied the Defendant's Motion and ordered Bailey-El to comply with discovery by February 1, 2019. (ECF No. 49.)

Bailey-El's subsequent discovery responses have been woefully inadequate. On February 5, 2019 HABC received Plaintiff's answers to interrogatories and responses to requests for production. (Def. Ex. 3, ECF No. 55-3.) In response, HABC sent Bailey-El correspondence dated February 7, 2019 detailing its objections. (*Id.*) The letter explained why Bailey-El's answers were insufficient in simple terms. (*Id.*) In particular, HABC lamented the ambiguity attending Bailey-El's responses, which merely indicated that HABC possessed all records relevant to his claims, that he intended to rely upon these records at trial, and that he did not have counsel to assist him. (*Id.*) In sum, Bailey-El had left the entire burden of production at HABC's doorstep and eschewed all responsibility for supporting his claims with evidence. (*Id.*) HABC asked Bailey-El to submit supplemental information by February 21, 2019. (*Id.*) Bailey-El failed to do so. Instead, he replied with a letter which complained of his inability to complete discovery without counsel and referred Defense counsel, once again, to the entire text of the Master Agreement. (Def. Ex. 4, ECF No. 55-4.) These deficiencies prompted HABC to renew its Motion to Dismiss. (ECF No. 55.) Bailey-El opposed the Motion, arguing that he had satisfied his discovery obligations by identifying four witnesses and producing the Master Agreement. (ECF No. 57.)

This record of delay and non-compliance is inexcusable and amounts to bad faith. Both this Court and the Housing Authority have given Bailey-El several chances to rectify his discovery deficiencies, which have been outstanding for over a year. His primary explanation for his refusal to meaningfully engage in discovery is that he has not been afforded counsel.[8] As this Court has now made clear on three separate occasions, Bailey-El is not entitled to counsel. Like every other litigant before this Court, he must cooperate in discovery; that is, he must submit complete answers to interrogatories and produce requested documents. Merely naming a few witnesses and referring to documents within the Defendant's possession is not sufficient. Bailey-El has done nothing more. On this record, it is clear that Bailey-El has engaged in bad faith.

### B. Bailey-El's Conduct Has Prejudiced the Housing Authority.

As to the second element, Bailey-El's stonewalling has severely prejudiced the Housing Authority because it has lacked sufficient information to establish a defense strategy for over a year. Prejudice arises when a party's discovery deficiencies leave key issues in the case unaddressed or impossible to litigate. *See Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 228 (4th Cir. 2019) (upholding dismissal as sanction where plaintiff's conduct "rendered virtually useless the entire discovery process"); *Woodbury*, 2019 WL 2135649, at *5 (finding prejudice arising from *pro se* Plaintiff's failure to respond to discovery requests directed to the key issues of liability and damages); *Lance*, 2017 WL 3480800, at *3 (finding prejudice where plaintiff

---

[8] Bailey-El also repeatedly mentions that there is no Scheduling Order in effect. Nevertheless, the Federal Rules of Civil Procedure require him to respond to interrogatories and requests for production of documents within thirty days of being served with these items. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). In this case, Bailey-El's deadline to respond was May 14, 2018. When Bailey-El failed to meet this deadline, this Court ordered him to respond by February 1, 2019. (ECF No. 49.)

11

refused to produce evidence at the heart of his claim and concluding that the "failure to answer even a single interrogatory precludes Defendant from preparing a defense") (citation omitted).

Bailey-El has placed the Housing Authority in an untenable position, rendering it able only to speculate about "what evidence and arguments Plaintiff intends to offer." (ECF No. 58, at ¶ 8.) The Housing Authority's representation that it knows no more about this case now than when it was originally filed is credible based on Bailey-El's evasive discovery responses. (*Id.* at ¶ 6.) For example, in response to an interrogatory seeking information about relevant statements made by the Housing Authority or its agents and employees, Bailey-El offered absolutely nothing of substance and merely claimed that he could not "recall from memory who said this or who said that and on what day of 2012 they said it." (Def. Ex. 3, at 2.) With regard to the Housing Authority's request to "describe with particularly all facts in support of" his contention that he was deliberately denied arbitration, Bailey-El merely claimed that "the facts in support my contention can be found in all grievance procedures" and identified the "Department head of the personal [sic] department" as the person responsible for his alleged right deprivations. (Def. Ex. 3, at 3.) Finally—and recall that this is a mere sampling of the evasive answers provided—Bailey-El claims that he "intend[s] on using all records possessed by the HABC personnel department concerning [his] termination" to support his contentions. (Def. Ex. 3, at 4.) These sorts of answers are no answers at all. Bailey-El has effectively shirked all discovery responsibilities and left the Housing Authority to make educated guesses about its adversary's litigation posture. The Housing Authority has been seriously prejudiced by Bailey-El's conduct because it has no clearer understanding of Bailey-El's case than when he initiated this action four years ago.

## C. There is a Significant Need to Deter Activities of this Kind.

The wasteful, evasive tactics Bailey-El has continued to employ in this Court must be deterred. His serial litigation has continued over the course of three decades. Bailey-El's refusal to engage in meaningful discovery "seriously undermine[s] the truth-seeking function of the Court." *Rangarajan*, 917 F.3d at 227. Unfortunately, haphazard discovery responses of the kind presented in this case are all too common in this court and frequently warrant sanction. *See, e.g., Woodbury*, 2019 WL 2135649 (describing *pro se* litigant's "incomplete and evasive" answers to interrogatories and ordering dismissal as a sanction); *Mackin v. Charles Schwab & Co., Inc.*, DKC-16-3923, 2019 WL 2058788, at *3 (D. Md. May 9, 2019) (dismissing the complaint of a *pro se* litigant's complaint who provided, in response to discovery orders, "only the minimal compliance necessary for her claim to survive"); *Boyd v. SFS Commc'ns, LLC*, PJM-15-3068, 2018 WL 4214395, at *4 (D. Md. Sept. 5, 2018) (entering default judgment against *pro se* defendants for failing to produce discovery responses). The frequency with which litigants feel free to forgo meaningful discovery suggests that sanctions are necessary to deter future misconduct. As civil litigation hinges on the parties' collaboration in discovery proceedings, the failure to fully engage in discovery thwarts the judicial process. Accordingly, [s]uch conduct 'must obviously be deterred.'" *Boyd*, 2018 WL 4214395, at *4 (citing *Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009).

## D. Lesser Sanctions Would Not be Effective.

Any lesser sanction would be futile. A litigant's failure to correct his discovery shortcomings despite the opportunity to do so suggests that minor sanctions cannot prove effective. *See Lance*, 2017 WL 3480800, at *3 (concluding that lesser sanctions would not prove

13

effective considering plaintiff's failure to remedy discovery deficiencies despite good faith efforts made by defendant and Court's orders). Despite correspondence from opposing counsel outlining its concerns and this Court's threat of dismissal, Bailey-El has only made minimal efforts to follow routine discovery procedures. Instead, he appears content to repeat that he is unable to litigate his claim without an attorney and to provide unhelpful, summary responses to the Housing Authority's interrogatories. In light of these events, this Court is confident that no lesser sanction will impart upon Bailey-El the seriousness of his noncompliance or spur a meaningful course correction.

Bailey-El has exhibited indifference to Defendant's concerns and this Court's Order. He has provided only meager discovery responses, and has done so only when threatened with the dismissal of his case. Bailey-El appears to admit that his responses are inadequate, as he continues to assert—without compelling reason—that he is unable fully engage in discovery without an attorney. About four years have elapsed since Bailey-El commenced this action and over a year has passed since the Housing Authority first sought discovery. As each day passes without robust discovery responses from Bailey-El, his case becomes increasingly difficult to litigate. Dismissal is warranted under these circumstances. Accordingly, Bailey-El's Complaint is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated herein, Bailey-El's Motion for Appointment of Counsel (ECF No. 50) is DENIED; HABC's Motion for Extension of Time (ECF No. 53) is GRANTED; and HABC's Renewed Motion to Dismiss (ECF No. 55) is GRANTED. Bailey-El's Second

Amended Complaint (ECF No. 38), which is the operative complaint, is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: July 2, 2019

Richard D. Bennett
United States District Judge